UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT VANDENBOSCH,

      Plaintiff,

      v.

CITY OF BELLINGHAM, a subdivision of
the State of Washington; and
ALLIANCEONE RECEIVEABLES
MANAGEMENT INC.,

      Defendants.

Case No. 2:18-cv-00999-RAJ

**ORDER GRANTING
DEFENDANTS' MOTIONS
TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on motions to dismiss by Defendants City of Bellingham (the "City") and AllianceOne Receivables Management, Inc. ("AllianceOne"). Dkt. ## 13, 15. For the reasons stated below, the Court **GRANTS** Defendants' motions.

## II. BACKGROUND

On July 11, 2017, the Bellingham Municipal Court (the "State Court") entered a criminal judgment against Plaintiff for driving under the influence ("DUI"). Dkt. # 1-1 at 3. His sentence included a $5,000 judgment, a probation fee assessed at $100 a month for five years, and a variety of other fees. The total amount entered against Plaintiff was $7,296.00. *Id.*

On August 22, 2017, the State Court sought confirmation that Plaintiff was

ORDER – 1

compliant with his payments. Dkt. # 14-1 at 5. On September 13, 2017, the State Court ordered a failure to appear (FTA) and prepared a first notice of collections. *Id.* at 6. On September 26, 2017, Plaintiff set up a time payment plan with the State Court allowing him to pay $200 per month. *See id.* On March 27, 2018, Plaintiff's payments were reduced to $25 per month and he has been making payments since that time. *Id*. at 9.

On July 6, 2018, Plaintiff filed a Complaint alleging that Defendants were improperly charging him probation fees and interest. Dkt. # 1-1. He claims that the obligation to pay probation fees vests upon use of the probation services. *Id.* at 3. Therefore, the State Court and its collector, AllianceOne, are improperly charging for probation fees not yet owed plus interest. Plaintiff alleges that this is Defendants' standard practice. *Id.* at 4. He claims that it violates the Washington Consumer Protection Act and state usury laws, as well as 42 U.S.C. § 1983. *Id.* at 5. He aims to bring a class action on behalf of all suffering from the miscalculation of monies owed for probation fees. *Id*. at 4.

### III.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445,

ORDER – 2

448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

### A. Judicial Notice

As an initial matter, Defendants request that the Court take judicial notice of the court records underlying Plaintiff's complaint. Courts may take judicial notice of court records in another case. Fed. R. Evid. 201; *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case). The Court elects to do so here.

### B. Washington Consumer Protection Act claim

Plaintiff brings a cause of action under the Washington Consumer Protection Act ("CPA"). To prevail, Plaintiff must establish: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986).

A CPA claim can be predicated upon a *per se* violation of another statute. *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013). If a defendant's act or practice is not *per se* unfair or deceptive, the plaintiff must show the conduct is "unfair" or "deceptive" under a case-specific analysis. *Id.*. A defendant's act or practice might be "unfair" if it "'causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by countervailing benefits.'" *Mellon v. Reg. Trustees Servs. Corp.*, 334 P.3d 1120, 1126 (Wash. App. 2014); *Klem*, 295 P.3d at 1187.

From what the Court can ascertain, Plaintiff does not allege a *per se* violation of another statute. "A per se unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 535. No such

ORDER – 3

statute is referenced in Plaintiff's Complaint. In fact, as Defendants point out, Washington law permits Defendants to collect on a criminal judgment immediately: a criminal fine, including court costs and fees, becomes immediately due and owing, even if the court permits the criminal debtor to make monthly payments. *See* RCW 9.94A.772 ("Notwithstanding any other provision of state law, monthly payment or starting dates set by the court, the county clerk, or the department before or after October 1, 2003, shall not be construed as a limitation on the due date or amount of legal financial obligations, which may be immediately collected by civil means and shall not be construed as a limitation for purposes of credit reporting. Monthly payments and commencement dates are to be construed to be applicable solely as a limitation upon the deprivation of an offender's liberty for nonpayment."); RCW 3.02.045 (permitting courts of limited jurisdiction to use collection agencies under chapter 19.16 RCW for purposes of collecting unpaid penalties on criminal fines, costs, and assessments imposed by the courts).

Plaintiff also fails to allege facts that show Defendants' actions were likely to cause injury that was "unfair" or not reasonably avoidable. *Klem*, 295 P.3d at 1187. Here, Plaintiff entered a guilty plea for a DUI and his sentence included the cost of probation at $100 per month for five years. Dkt. # 16 at 26 (guilty plea acknowledging that "the judge may require me to pay costs, fees and assessments authorized by law"). Plaintiff only claims that the "transformation and calculation of [his] obligation to pay probation at a rate of $100 …to be an obligation to pay $6,000 payable and owed as of July 17, 2017 is a mistake and huge overcharge." Dkt. # 1-1 at 4. This allegation is conclusory and ultimately insufficient to state an "unfair" practice under the CPA.

Because Plaintiff fails to allege an unfair or deceptive practice, he does not state a claim under the CPA. The Court will not go through the remaining four requirements.

**C.      Section 1983 claim**

Plaintiff also alleges a claim against Defendants under Section 1983. He alleges that Defendants have a standard practice of accelerating the total amount owed as applied

ORDER – 4

1  to all persons convicted of a crime, and that this works to deprive him of property in

2  violation of the Fifth and Fourteenth Amendments.   Dkt. # 1-1.

3  A plaintiff can establish municipal liability under Section 1983 by proving that the

4  constitutional violation directly resulted from enforcement of an improper official policy

5  or custom; or by proving that the municipality was "deliberately indifferent" to a known

6  need to retrain its officials because of an official policy or custom.  *Board of County*

7  *Commissioners of Bryan County v. Brown*, 520 U.S. 397, 407 (1997).

8  As a preliminary matter, Plaintiff fails to allege a cognizable constitutional

9  violation.  First, the Due Process Clause of Fifth Amendment only applies to the federal

10  government, and thus does not apply to Defendants.  *Bingue v. Prunchak*, 512 F.3d 1169,

11  1174 (9th Cir. 2008).  "In order to state a claim under the fourteenth amendment, the

12  complainant must allege facts showing not only that the State has deprived him of a ...

13  property interest but also that the State has done so without due process of law."  *Gearhart*

14  *v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985).  The base requirement of the Due Process

15  Clause is that a person deprived of property be given an opportunity to be heard "at a

16  meaningful time and in a meaningful manner."  *Armstrong v. Manzo*, 380 U.S. 545, 552

17  (1965).  Plaintiff fails to allege facts that show he was deprived a right to be heard regarding

18  the probation fees assessed or any interest charged.   Without such facts, Plaintiff's claim

19  fails.

20  **D.      Usury claim**

21  Plaintiff also claims that Defendants violated the usury statutes under Washington

22  law.  Dkt. # 1-1.  To state a claim for usury, Plaintiff must prove the following elements:

23  (1) there was a loan or forbearance; (2) money or its equivalent as the subject of the loan

24  or forbearance; (3) an agreement that the principal shall be repayable absolutely; (4) the

25  interest rate is greater than that allowed by law; (5) an intention to violate the law.  *Cuevas*

26  *v. Montoya*, 740 P.2d 858 (Wash. App. 1987).

27  Plaintiff has failed to state any facts going toward the elements of a usury claim.

28  ORDER – 5

Additionally, there is no basis for a claim under the facts presented, which concerns a criminal judgment and not a loan.  Accordingly, Plaintiff's usury claim fails.

### E.    Leave to Amend

Defendants request that the Court grant dismissal with prejudice.  Defendants note that judicial immunity would bar Plaintiff's claims even if they were properly pled.  Dkt. # 13 at 12; Dkt. # 15 at 17.  The Ninth Circuit has stated that when justice requires, a district court should freely give leave to amend a complaint.  *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  "Absent prejudice, or a strong showing of any of the remaining *Forman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying factors to deny leave to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility).  While the Court is skeptical that Plaintiff can state claim not covered by judicial immunity, he has not yet had an opportunity to amend his complaint.  If he chooses to do so, Plaintiff may amend his Complaint within 21 days of this order.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motions.  Dkt. ## 13, 15.

DATED this 11th day of March, 2019.


Richard A. Jones

The Honorable Richard A. Jones
United States District Judge

ORDER – 6